Exhibit A

**COPY**

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Alvin B. Lindsay (SBN 220236)
3  alvin@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  UNITED EMPLOYEES LAW GROUP, PC
   Walter Haines (SBN 71075)
7  walterhaines@yahoo.com
   5500 Bolsa Ave., Suite 201
8  Huntington Beach, CA 92649
   Telephone: (310) 652-2242
9
   Attorneys for Plaintiff LOUIS VAIZ,
10 on behalf of himself and all others similarly situated

11

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 9 2017

CLERK OF THE SUPERIOR COURT
By_____
FRANCES WILSON
                        Deputy

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF ALAMEDA

14  LOUIS VAIZ, an individual, on behalf of      Case No. **RG17887491**
    himself and others similarly situated,
15                                               CLASS ACTION
            Plaintiff,
16                                               Assigned for All Purposes To:
       vs.                                       Hon.
17                                               Dept.:
    UNITED PARCEL SERVICE, INC.,
18  an Ohio Corporation; and DOES 1 through      **CLASS ACTION COMPLAINT FOR:**
    50, inclusive,
19                                               1.  Meal Period Liability Under Labor Code §
            Defendants.                              226.7;
20                                               2.  Rest-Break Liability Under Labor Code
                                                     § 226.7;
21                                               3.  Violation of Labor Code § 203;
                                                 4.  Violation of Business & Professions Code
22                                                   § 17200 *et seq.*

23                                               **DEMAND FOR JURY TRIAL**

24

25

26

27

28

                              - 1 -

**BY FAX**

Plaintiff LOUIS VAIZ ("Plaintiff") on behalf of himself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

**INTRODUCTION**

1.     Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly delivery drivers by Defendants UNITED PARCEL SERVICES, INC. and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress therefore.

2.     Plaintiff is a resident of California and, during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly driver within the State of California based out of Defendants' Sylmar, California hub in Los Angeles County. Plaintiff consistently worked at Defendants' behest without being authorized and permitted to off-duty ten (10) minute rest periods and all required thirty (30) minute meal periods, or being paid one hour of regular wages in lieu thereof, as required under the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Orders. Plaintiff and the other similarly situated Class members were employed by Defendants and (1) shared similar job duties and responsibilities (2) was subjected to the same policies and practices (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3.     Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take uninterrupted and duty-free rest periods and meal breaks as required by the Labor Code.

4.     Defendant UNITED PARCEL SERVICES, INC. ("UPS") is an Ohio corporation and is the well-known package shipping and delivery company operating throughout California, the United States, and globally. According to documents submitted to the California Secretary of

1   State, Defendant UPS is headquartered in and maintains its principle executive offices in Atlanta,

2   Georgia, and UPS does not list a specific address in California. Upon information and belief, UPS

3   controls its delivery operations through various centers, also referred to as hubs, including those in

4   California and in Sylmar, California, which is the location out of which Plaintiff worked, and

5   other locations throughout California, including in Oakland in Alameda County.  Plaintiff and the

6   Class Members were employed by Defendants in California as drivers of delivery trucks who

7   deliver packages from the UPS centers to their local intended recipients, including those in

8   Alameda County, Los Angeles County, and throughout California. Defendant UPS resides outside

9   of California and does not list a principal business office in California with the Secretary of State,

10  and given its presence throughout California it may be subject to jurisdiction before this Court and

11  the other California courts.  At all relevant times addressed herein, Defendants thus conducted

12  business throughout California through their various service centers and hubs, including those

13  locations in Alameda County, and employed the Employees in the Class at locations within

14  California.

15        5.      This Court has jurisdiction over this Action pursuant to California Code of Civil

16  Procedure § 410.10 and California Business & Professions Code § 17203, and Defendant UPS

17  maintains sufficient minimum contacts throughout Alameda County and California to subject it to

18  personal and general jurisdiction in Alameda County, and UPS has consented to service of process

19  in California.  This Action is brought as a Class Action on behalf of similarly situated Employees

20  of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is

21  also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq.*

22  Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred in

23  California and, in part in Alameda County, UPS operates throughout California, and it has not

24  stated a principal office or specific corporate residence in California. However, Defendant UPS

25  maintains a hub and conducts shipping and delivery operations and employs Class members in

26  Alameda County and throughout California, and this action may therefore be brought against

27  Defendants and venued in Alameda County.

28  ///

6.     The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

7.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

**FACTUAL BACKGROUND**

8.     The Employees who comprise the Class, including Plaintiff, are nonexempt employees.  Defendants hire hourly drivers who work in non-exempt positions at the direction of Defendants in the State of California. The work performed by Plaintiff and the Class members was controlled and directed by Defendants though a Delivery Information Acquisition Device, known as a "DIAD."  Plaintiff and the Class received delivery and pick up instructions through the DIAD, and Defendants communicated with them through text messages and other system generated messages and alerts. The Employee Class members were also required to input into their DIADs the times when they began and ended their meal and rest breaks, and were required to keep their DIADs with them at all times during their shifts, whether on breaks or on-duty, including when they were compelled to remain on-duty during breaks.

CLASS ACTION COMPLAINT

9.    Plaintiff, and upon information and belief, the other Class members, generally worked shifts of ten to twelve hours, and sometimes longer, depending on work requirements. As a matter of uniform Company policy, Plaintiff and the Class members were not provided with all required meal periods and were not authorized and permitted to take all required rest periods during these work shifts. While Defendants generally permitted Plaintiff and the Class members to take their first meal period on shifts worked over 10 hours, they were systematically denied their second meal period. When Employees in the Class noted in their DIADs that they were beginning their first unpaid meal period on a shift, the DIAD would count down the thirty minutes that followed and would lock up, preventing the Employees in the Class from responding to messages, alerts, and other work demands. However, Plaintiff and the other similarly situated Employee drivers were not provided with second meal periods and their DIADs were not similarly programmed to prevent work during any second meal periods that were provided or should have been provided.

10.    Upon information and belief, Defendants did not maintain any sort of a similar system or policy of not communicating with drivers when they were supposed to be taking rest breaks. In performing their driving duties, the Employees in the Class would be notified by Defendants of deliveries in their assigned areas through their DIADs, including through on-call area pickups and other messages and alerts with communications from Defendants and management regarding their duties. Drivers were and are required to enter their acceptance or declination of pick-ups, acknowledgement of alerts, and response to messages in their DIADs. When Plaintiff did indicate in his DIAD that he was beginning his rest break,  which must be off-duty, his DIAD was not disabled and he was required to continue to remain under Defendants' control and on-duty by reviewing and responding to messages. In fact, Plaintiff could not clock back from his rest breaks in his DIAD to enable it and resume work duties without first responding to the alerts or messages that were pending.

11.    Thus, Plaintiff, and upon information and belief the other similarly situated drivers in the Class, were required to remain on-duty and responsive to work demands and communications while taking what must be an off-duty rest period. Additionally, Plaintiff endured rest period violations on every work shift as Plaintiff was generally only authorized and permitted to take one rest period per

shift, and Plaintiff and the Class members did not receive three (3) off-duty rest periods on every shift in which they worked over ten (10) hours, and when they did, the rest periods were often untimely or impermissibly shortened.  As addressed above, rest periods, when provided, were also interrupted by text messages, alerts, and delivery and pick-up notifications, which the driver Class members were required to respond to in order to clock back in and return to work, contrary to the requirements of the Labor Code and IWC Wage Orders under California law.

12.    Defendants therefore failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members as required by the applicable Wage Order and Labor Code. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members. Plaintiff and other Class members were required to perform work as ordered by Defendants for more than five (5) hours and more than ten (10) hours during a shift, but were often required to do so without receiving a meal break. Defendants' failure to provide the Plaintiff and the Class members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof.

13.    For at least four years prior to the filing of this action and through to the present, Plaintiff and the Class members were forced to perform work duties, and could not be relieved to take breaks, or were required to remain on-duty at all times and were unable to take off-duty breaks or were otherwise not provided with the opportunity to take required breaks due to Defendants' policies and practices. On the occasions when Plaintiff and the Class members were provided with a meal period that was not untimely or interrupted by work demands, they were not provided with a second meal period on shifts over 10 hours, and they were also not provided with one (1) hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

(a)    Class members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7,

512, and the applicable Industrial Welfare Commission Wage Order(s);

(b)     Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

(c)     Class members were required to work through at least part of their daily meal period(s);

(d)     Meal period were provided after five hours of continuous work during a shift; and

(e)     Class members were restricted in their ability to take a full thirty-minute meal period.

14.     Plaintiff and the Defendants' non-exempt drivers were also not authorized and permitted to take lawful rest periods, were often asked by Defendants to work through or during rest periods and remain on-duty and under Defendants' control, and were not provided with one (1) hour's wages in lieu thereof. Rest period violations therefore arose in one or more of the following manners:

(a)     Class members were required to work without being provided a minimum ten minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

(b)     Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof, including by being required to remain on-duty during rest periods.

15.     Class members were thus restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods.   Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided.

16.     Additionally, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess

1  of five (5) hours without providing them with uninterrupted meal periods of not less than thirty

2  (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal

3  periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one

4  hour of wages at each Employee's effective hourly rate of pay, for each meal period that

5  Defendants failed to provide or deficiently provided.

6        17.    As a result of these illegal policies and practices, Defendants engaged in and enforced

7  the following additional unlawful practices and policies against Plaintiff and the Class members he

8  seeks to represent:

9          a.   failing to pay all wages owed to Class members who either were discharged, laid off, or

10            resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

11         b.   failing to pay all wages owed to the Class members twice monthly in accordance with

12            the requirements of Labor Code § 204;

13         c.   failing to pay Class members all wages owed, including all meal and rest period

14            premium wages; and

15         d.   failing to maintain accurate records of Class members' earned wages and meal periods

16            in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC

17            Wage Orders.

18       18.    From at least four (4) years prior to filing this lawsuit and continuing to the present,

19 Defendants have thus also had a consistent policy of failing to pay all wages owed to Employees

20 at the time of their termination of within seventy-two (72) hours of their resignation, as required

21 by California wage-and-hour laws.

22       19.    In light of the foregoing, Employees bring this action pursuant to, *inter alia*, Labor

23 Code §§ 201, 202,  203, 204, 218, 218.5, 226.7, 510, 511, 512, 558, 1174, 1185, 1194, and 1197

24 and California Code of Regulations, Title 8, section 11000 *et seq.*,

25       20.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208,

26 Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

27 enjoyed from their violations of Labor Code and the other unfair, unlawful, or fraudulent practices

28 alleged in this Complaint.

## CLASS AND ALLEGATIONS

21.     Plaintiff brings this class action on behalf of himself an all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed by Defendants as non-exempt, hourly delivery and pickup drivers within the State of California."

Further, Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a.     Subclass 1. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

b.     Subclass 2. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every 4 hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

c.     Subclass 3. Termination Pay Subclass. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay penalty wages upon termination.

d.     Subclass 4. UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

22.     Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the Class description or the Subclass descriptions with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

23.     Defendants, as a matter of company policy, practice and procedure, and in violation

CLASS ACTION COMPLAINT

of the applicable <u>Labor Code</u>, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a policy and practice of uniformly failing to provide meal periods to its drivers and authorize and permit them to take off-duty rest periods. This action has been brought and may properly be maintained as a class action under the provisions of <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A.    Numerosity**

24.    The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed hundreds of Employees who satisfy the Class definition within the State of California.

25.    Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all class members.

**B.    Commonality**

26.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include:

a.    Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

b.    Whether Defendants violated <u>Labor Code</u> §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

c.    Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

d.    Whether Defendants' conduct was willful;

CLASS ACTION COMPLAINT

e.      Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' work periods;

f.      Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*;

g.      Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.      Typicality**

27.      The claims of the named plaintiff are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.      Adequacy of Representation**

28.      Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E.      Superiority of Class Action**

29.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

30.      As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, since joinder of all Class members is impracticable and since many legal and factual questions to be adjudicated apply uniformly to all Class members.  Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered.  Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved.  There will be relatively

CLASS ACTION COMPLAINT

1  little difficulty in managing this case as a class action, and proceeding on a class-wide basis will

2  permit Employees to vindicate their rights for violations they endured which they would otherwise

3  be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive

4  to them.

5      31.    Class action treatment will allow those persons similarly situated to litigate their

6  claims in the manner that is most efficient and economical for the parties and the judicial system.

7  Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

8  Class Plaintiff contemplates the eventual issuance of notice to the proposed Class members that

9  would set forth the subject and nature of the instant action. The Defendants' own business records

10  can be utilized for assistance in the preparation and issuance of the contemplated notices. To the

11  extent that any further notice is required additional media and/or mailings can be used.

12                          **FIRST CAUSE OF ACTION**

13        **MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

14                        **(Against All Defendants)**

15      32.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

16  full herein.

17      33.    Employees regularly worked shifts greater than five (5) hours and generally worked

18  shifts greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512, an employer may not employ

19  someone for a shift of more than five (5) hours without providing him or her with a meal period of

20  not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or

21  her with a second meal period of not less than thirty (30) minutes.

22      34.    Defendants failed to provide Employees with meal periods as required under the

23  <u>Labor Code</u>. Employees were required to work through their meal periods which they were

24  consistently denied.  Employees were also required to take meal periods, when they were provided

25  with them, after working beyond the fifth hour of their shifts.  Furthermore, upon information and

26  belief, on occasions when Employees worked more than 10 hours in a given shift, they did so

27  without receiving a second uninterrupted thirty (30) minute meal period as required by law.

28      35.    Defendants thus failed to provide Plaintiff and the Class members with meal

1 │ periods as required by the <u>Labor Code</u>, including aby not providing them with the opportunity to

2 │ take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them

3 │ to perform work during breaks.

4 │     36.    Moreover, Defendants failed to compensate Employees for each meal period not

5 │ provided or inadequately provided, as required under <u>Labor Code</u> § 226.7 and paragraph 11 of the

6 │ applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a

7 │ meal period in accordance with this section, the employer shall pay the employee one (1) hour of

8 │ pay at the employee's regular rate of compensation for each workday that the meal period is not

9 │ provided. Defendants failed to compensate Employees for each meal period not provided or

10 │ inadequately provided, as required under <u>Labor Code</u> § 226.7.

11 │     37.    Therefore, pursuant to <u>Labor Code</u> § 226.7, Employees are entitled to damages in

12 │ an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal

13 │ period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment

14 │ of any statutory penalties against the Defendants, and each of them, in a sum as provided by the

15 │ <u>Labor Code</u> and other statutes.

16 │ **SECOND CAUSE OF ACTION**

17 │ **REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

18 │ **(Against All Defendants)**

19 │     38.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

20 │ full herein.

21 │     39.    <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders

22 │ provide that employers must authorize and permit all employees to take rest periods at the rate of

23 │ ten (10) minutes net rest time per four (4) work hours.

24 │     40.    Employees consistently worked consecutive four (4) hour shifts. Pursuant to the

25 │ <u>Labor Code</u> and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of

26 │ not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to

27 │ provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive

28 │ four (4) hour shift.

CLASS ACTION COMPLAINT

41.    Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

42.    Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

43.    Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

44.    Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 203

### (Against All Defendants)

45.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

46.    Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

47.    Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

48.    The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

CLASS ACTION COMPLAINT

49.    Defendants failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

50.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

### FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

### (Against All Defendants)

51.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

52.    Plaintiff, on behalf of himself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

53.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

54.    Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

55. Wage-and-hour laws express fundamental public policies. Paying employees their wages, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

56. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

57. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 et seq.

58. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 et seq.

59. By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code including Sections 203, 226.7, 512, 1194, 1197, and 1198, for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

60. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

61.     Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

3.     For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

4.     For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

5.     For restitution for unfair competition pursuant to Business & Professions Code § 17200 et seq., including disgorgement or profits, as may be proven;

6.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

7.     For all general, special, and incidental damages as may be proven;

8.     For an award of pre-judgment and post-judgment interest;

9.     For an award providing for the payment of the costs of this suit;

10.    For an award of attorneys' fees; and

11.    For such other and further relief as this Court may deem proper and just.

DATED: December 29, 2017                    DAVID YEREMIAN & ASSOCIATES, INC.


By                                          
  David Yeremian
  Alvin B. Lindsay
  Attorneys for Plaintiff LOUIS VAIZ
  and all others similarly situated

- 18 -

1

### DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4      DATED:  December 29, 2017                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                                   By

7                                                       David Yeremian
                                                        Alvin B. Lindsay
8                                                       Attorneys for Plaintiff LOUIS VAIZ
                                                        and all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

ORIGINA 
20312234

**SUMMONS** **BY FAX**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
ALAMEDA COUNTY

DEC 2 9 2017

CLERK OF THE SUPERIOR COURT
By Frances Wilson
Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

UNITED PARCEL SERVICE, INC., an Ohio Corporation; and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LOUIS VAIZ, an individual, on behalf of himself and others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Alameda County Superior Court

1225 Fallon Street, Oakland, CA 94612

CASE NUMBER
(Número del Caso): RG17887491

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David Yeremian, 535 N. Brand Blvd. Suite 705, Glendale, CA 91203  (818) 230-8380

DATE: **DEC 2 9 2017**        CHAD FINKE
(Fecha)                       EXECUTIVE OFFICER/CLERK       Clerk, by          Frances Wilson       , Deputy
                                                           (Secretario)                            (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[SEAL] SUPERIOR COURT OF CALIFORNIA — EUREKA — COUNTY OF ALAMEDA

ORIGINAL

20312237

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Alvin Lindsay (220236)
David Yeremian & Associates Inc.
535 N. Brand Blvd., Suite 705
Glendale, CA 91203
TELEPHONE NO.: (818) 230-8380    FAX NO.: (818) 230-0308
ATTORNEY FOR *(Name)*: Plaintiff, Louis Vaiz

**FILED**
ALAMEDA COUNTY

DEC 29 2017

CLERK OF THE SUPERIOR COURT
By _Frances Wilson_
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Vaiz v. United Parcel Service, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG17887491 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 29, 2017
Alvin Lindsay
_(TYPE OR PRINT NAME)_                          _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

BY FAX

David Yeremian & Associates Inc.
Attn: Lindsay, Alvin
535 N. Brand Blvd.
Suite 705
Glendale, CA   91203____

United Parcel Service, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Vaiz

Plaintiff/Petitioner(s)

VS.

United Parcel Service, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. <u>RG17887491</u>

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 02/20/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  12/29/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By    *Michelle Bank*
                                                                    Digital
                                            _____
                                                      Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/02/2018.

                                      By    *Michelle Bank*
                                                                    Digital
                                            _____
                                                      Deputy Clerk

David Yeremian & Associates Inc.
Attn: Lindsay, Alvin
535 N. Brand Blvd.
Suite 705
Glendale, CA  91203____

United Parcel Service, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Vaiz<br><br><div align="right">Plaintiff/Petitioner(s)</div><br>VS.<br><br>United Parcel Service, Inc.<br><br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG17887491</u><br><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

<div align="center">Complex Determination Hearing<br>Case Management Conference</div>

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 02/20/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
                    1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/27/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
                    1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  12/29/2017               Chad Finke  Executive Officer / Clerk of the Superior Court

By _____
                                                Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/02/2018.

By _____
                                                Deputy Clerk

ORIGINA

20293700

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David Yeremian SBN 226337<br>**David Yeremian & Associates, Inc.**<br>**535 N Brand Blvd Ste 705**<br>**Glendale, CA 91203**<br>TELEPHONE NO.: **(818) 230-8380**    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* **david@yeremianlaw.com**<br>ATTORNEY FOR *(Name):* **Plaintiff** | **FILED**<br>ALAMEDA COUNTY<br><br>JAN 0 5 2018<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA - CENTRAL | |
|---|---|
| STREET ADDRESS: 1225 Fallon St.<br>MAILING ADDRESS: 1225 Fallon St.<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA - CENTRAL | |

| PLAINTIFF/PETITIONER:  Louis Vaiz | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  United Parcel Service, Inc. | RG17887491 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Vaiz v. UPS, Inc. |
|---|---|

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:  **Summons, Civil Case Cover Sheet, Civil Case Cover Sheet;**

3. a. Party served *(specify name of party as shown on documents served):* **United Parcel Service, Inc., an Ohio Corporation**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Becky DeGeorge**
   **Agent for CSC - Lawyers Incorporating Service**

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N  Sacramento, CA 95833**

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **1/2/2018** (2) at: **02:22 PM**

   b. [ ] **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
      on:  from:  or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: | Louis Vaiz | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | United Parcel Service, Inc. | RG17887491 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        (1) on:                          (2) from:

        (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

        (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  ☐  **by other means** (*specify means of service and authorizing code section*):

        ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  ☐  as an individual defendant.
    b.  ☐  as the person sued under the fictitious name of (*specify*):
    c.  ☐  as occupant.
    d.  ☒  On behalf of (*specify*): **United Parcel Service, Inc., an Ohio Corporation**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
    a.  Name: **Jason Marshall**
    b.  Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**
    c.  Telephone number: **909-664-9577**
    d.  **The fee** for service was: **$69.50**
    e.  I am:
        (1)  ☐  not a registered California process server.
        (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒  a registered California process server:
            (i)  ☐  owner  ☐  employee  ☒  independent contractor.
            (ii)  Registration No.: **1998-61**
            (iii)  County: **Sacramento**

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**RAPID LEGAL®**

▶ *(signature)*

**Jason Marshall**              Date: **01/04/2018**

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 0 2018

By SUE PESKO

1  GRUBE BROWN & GEIDT LLP
   ELIZABETH A. BROWN (SB# 235429)
2  E. JEFFREY GRUBE (SB# 167324)
   AMANDA BOLLIGER CRESPO (SB# 250292)
3  CLAIRE A. HOFFMANN (SB# 292584)
   lisabrown@gbgllp.com
4  jeffgrube@gbgllp.com
   amandacrespo@gbgllp.com
5  clairehoffmann@gbgllp.com
   601 Montgomery Street, Suite 1150
6  San Francisco, CA 94111
   Telephone: (415) 603-5000
7  Facsimile: (415) 840-7210

8  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               IN AND FOR THE COUNTY OF ALAMEDA

12

13  LOUIS VAIZ, an individual, on behalf of        Case No. RG17887491
    himself and others similarly situated,
14                                                 **DEFENDANT UNITED PARCEL
                Plaintiff,                          SERVICE, INC.'S ANSWER TO
15                                                  PLAINTIFF'S UNVERIFIED
         vs.                                        COMPLAINT**
16
    UNITED PARCEL SERVICE, INC., an
17  Ohio Corporation; and DOES 1 through 50,       Complaint Filed:    December 29, 2017
    inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

---

                    DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

88620170.2

TO PLAINTIFF LOUIS VAIZ AND HIS ATTORNEYS OF RECORD:

Defendant UNITED PARCEL SERVICE, INC. ("Defendant"), hereby answers the unverified Complaint of Plaintiff LOUIS VAIZ ("Plaintiff") as follows:

1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

2.      Defendant further denies, generally and specifically, that Plaintiff or the class he proposes (the "Proposed Class"), the existence of which Defendant denies, has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of their past or present agents, representatives, or employees, and denies further that Plaintiff or the Proposed Class is entitled to the relief he seeks, or any relief, including class certification.

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

**AFFIRMATIVE DEFENSES**

FIRST SEPARATE AND AFFIRMATIVE DEFENSE

3.      The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action.

SECOND SEPARATE AND AFFIRMATIVE DEFENSE

4.      The Complaint, and each of its causes of action, is barred to the extent that venue is improper.

THIRD SEPARATE AND AFFIRMATIVE DEFENSE

5.      The Complaint, and each of its causes of action, is barred because Plaintiff and any alleged member of the Proposed Class' sole remedy, if any, is governed by the Collective Bargaining Agreement, in effect during their employment.

FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

6.      The first cause of action is barred because Plaintiff and any alleged member of the Proposed Class are exempt from California Labor Code section 512(a) pursuant to California Labor Code section 512(e).

1

<p style="text-align:center">FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

2       7.     The Complaint, and each of its causes of action, is barred to the extent that it is

3 preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

4

<p style="text-align:center">SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

5       8.     The Complaint, and each of its causes of action, is barred in whole or in part by all

6 applicable statutes of limitation, including but not limited to California Code of Civil Procedure

7 sections 338 and 340, and California Business and Professions Code section 17208.

8

<p style="text-align:center">SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

9       9.     Plaintiff lacks standing to sue Defendant on behalf of himself or the Proposed

10 Class with respect to at least some of the claimed injuries.

11

<p style="text-align:center">EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

12     10.    The Complaint, and each of its causes of action, is barred by the doctrine of

13 unclean hands.

14

<p style="text-align:center">NINTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

15     11.    Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes

16 of action, by reason of Plaintiff's own actions and course of conduct.

17

<p style="text-align:center">TENTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

18     12.    The Complaint, and each of its causes of action, is barred by the doctrine of

19 laches.

20

<p style="text-align:center">ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

21     13.    The Complaint, and each of its causes of action, is barred to the extent that prior

22 settlement agreements and/or releases cover all or some of the claims alleged in the Complaint

23 with respect to some or all the Proposed Class.

24

<p style="text-align:center">TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE</p>

25     14.    The Complaint, and each of its causes of action, is barred by the doctrines of *res*

26 *judicata* and/or collateral estoppel, to the extent that Plaintiff and/or any alleged member of the

27 Proposed Class have already litigated the claims that are the subject of the Complaint, or have

28 been covered by other litigation that was pursued on their behalf.

<p style="text-align:center">-2-</p>

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.    The Complaint, and each of its causes of action, is barred because Plaintiff and any alleged member of the Proposed Class did not satisfy and/or breached their statutory obligations as provided in the California Labor Code including, but not limited to, sections 2854 and 2856-2859.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.    The Complaint, and each of its causes of action, is barred because at all times relevant to the Complaint, Defendant did not willfully or otherwise fail to comply with any provisions of the California Labor Code or California Industrial Welfare Commission Wage Orders but rather, acted based on its good-faith belief that its acts or omissions were lawful.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.    The Complaint, and each of its causes of action, is barred because Plaintiff and the Proposed Class were provided, authorized and/or permitted rest or meal breaks in accordance with the law, and any failure by Plaintiff, or any member of the Proposed Class, to take a meal or rest period was because they freely waived any and all meal or rest breaks that they did not take.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.    The fourth cause of action is barred because Plaintiff cannot show an injury to competition, as distinguished from injury to Plaintiff, which such injury Defendant denies.

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.    The fourth cause of action is barred because Plaintiff cannot show a deception upon the public.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20.    The fourth cause of action is barred because California Business and Professions Code section 17200 *et seq*., as stated and as sought to be applied, violate Defendant's rights under the United States Constitution and the California Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.  It also violates Defendant's rights to due process under the United States Constitution and the California Constitution to the

88620170.2

extent that the cause of action does not afford Defendant the protections against multiple suits and duplicative liability.

<div align="center">NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

21.   The fourth cause of action is barred because the remedies under California Business and Professions Code section 17200 *et seq.* is limited to restitution and injunctive relief.

<div align="center">TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE</div>

22.   The Complaint and each of its causes of action is barred because if Defendant ever owed any obligation to Plaintiff and/or the Proposed Class, that obligation has been paid and otherwise satisfied.

<div align="center">TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE</div>

23.   The Complaint and each of its causes of action is barred to the extent that any award in this action would constitute unjust enrichment.

<div align="center">TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</div>

24.   The Complaint and each of its causes of action is barred in whole or in part to the extent it seeks double recovery for the same alleged wrong or wrongs.

<div align="center">TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE</div>

25.   The Complaint and each of its causes of action is barred in whole or in part because Plaintiff unreasonably delayed in notifying the Defendant of the alleged actionable wrongs, and by reason of Plaintiff's unreasonable delay, Defendant has been prejudiced.

<div align="center">TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

26.   The Complaint and any damages therefrom, must be set off by the amount Plaintiff and/or the Proposed Class members were overpaid.

<div align="center">TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

27.   Plaintiff's claims will not support class treatment because: they do not raise predominant questions of law or fact; they are not typical of the Proposed Class; Plaintiff and/or his counsel, is not an adequate representative; and/or the action fails to satisfy the legal standards for class treatment.

<div align="center">-4-<br>DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT</div>

88620170.2

1                     TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

2           28.    While Defendant denies that any liability or wrongdoing for the claims asserted in

3 the Plaintiff's Complaint, in the event that it should be determined that Defendant did violate one

4 or more provisions of the California Labor Code, then neither Plaintiff nor the Proposed Class are

5 entitled to any damages, penalties, or other relief because such violation(s) were *de minimis*.

6                TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7           29.    The Complaint, and any damages therefrom, must be set off by the amount

8 Plaintiff and/or the Proposed Class members were overpaid.

9                 TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

10          30.    In the event that a class should be certified in this matter, Defendant incorporates

11 by reference and realleges all of its defenses to Plaintiff's individual claims in response to

12 Plaintiff's claims on behalf of the Proposed Class.

13                 TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

14          31.    Defendant currently has insufficient knowledge or information on which it may

15 form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

16 Defendant hereby reserves the right to assert additional defenses in the event that discovery

17 reveals that they would be appropriate.

18         WHEREFORE, Defendant prays for judgment as follows:

19          1.    That Plaintiff's request to bring this action as a class action be denied;

20          2.    That Plaintiff takes nothing by reason of the Complaint, that the Complaint be

21 dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

22          3.    That Defendant be awarded their reasonable costs and attorneys' fees; and

23          4.    That Defendant be awarded such other and further relief as the Court deems just

24 and proper.

25 DATED: January 30, 2018              GRUBE BROWN & GEIDT LLP

26                                    BY: _____

27                                       ELIZABETH A. BROWN

28                                  Attorneys for Defendant
                                        UNITED PARCEL SERVICE, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

88620170.2

**PROOF OF SERVICE**

I am employed in the City of San Francisco and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

On January 30, 2018, I served a copy of the within document(s):

**DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties:

☐    VIA FAX: By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    VIA U.S. MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on the above date with postage thereon fully prepaid, at San Francisco, California.

☐    VIA OVERNIGHT SERVICE: By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    VIA PERSONAL SERVICE: By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐    VIA E-MAIL: By transmitting a PDF version of the document(s) by e-mail to the person(s) set forth below using the e-mail address(es) indicated, pursuant to the parties' electronic service agreement.

| | |
|---|---|
| David Yeremian<br>Alvin B. Lindsay<br>David Yeremian & Associates, Inc.<br>535 N. Brand Boulevard, Suite 705<br>Glendale, CA 91203 | Walter Haines<br>United Employees Law Group, PC<br>5500 Bolsa Avenue, Suite 201<br>Huntington Beach, CA 92649 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 30, 2018, at San Francisco, California.

_____
Janet Gogna

88618974.1